UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARLA DALTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO.  1:04-cv-1431-DFH/VSS |
| ) | |
| ALONZO WATFORD, et al., ) | |
| ) | |
| Defendants. ) | |

## ENTRY REGARDING DISCOVERY DISPUTES

This cause is before the magistrate judge on a motion for protective order filed by the defendants and a motion to compel filed by the plaintiff.  Briefing has been completed on both motions, and the magistrate judge, being duly advised, rules as follows.

The plaintiff in this action alleges, inter alia, that her constitutional rights were violated when she was arrested by defendant Alonzo Watford, a deputy with the Marion County Sheriff's Department.  On June 1, 2005, the plaintiff served her Second Request for Production, Inspection and Copying of Documents to Defendants Watford and Anderson ("document requests"), which consisted of three requests.  Request no. 1 seeks Deputy Watford's personnel file.  Request no. 2 seeks

> Any and all records in whatever form including, but not limited to audio recordings, compiled in, created during and relative to the investigation into the complaint(s) made by Plaintiff and/or Max Dalton to the Marion County Sheriff's Department in, at and about 6468 Bay Harbor Lane, Indianapolis, Indiana, 46254 on or about September 3, 2002.

Request no. 3 seeks "Any and all calendars, schedules, date books or logs in whatever form which reflect Deputy Alonzo Watford's work schedule, court dates, and/or conflicts therewith, for the period September 1, 2002 through and including February 28, 2003."

On July 19, 2005, the defendants filed their motion for protective order directed to request no. 1, which seeks Deputy Watford's personnel file. The defendants are willing to produce the personnel file, but ask that a protective order be entered to maintain the confidentiality of the information in Deputy Watford's personnel file and prohibit its dissemination beyond what is necessary for this litigation. The defendants did not otherwise respond to the document requests until July 20th, at which time they served a written response but did not produce any documents. The written response asserted several general objections, objected to requests nos. 2 and 3 as "vague and ambiguous," asserted the deliberative process and/or law enforcement investigatory privileges as to request no. 2, and asserted a relevancy objection as to request no. 3. It also stated, as to request no. 3,

> Without waiving this objection and subject to the general objections stated above, Defendants state that Deputy Alonzo Watford does not keep a calendar related to his employment as a Sheriff's Deputy. If Deputy Watford has a meeting or appointment related to his employment as a Sheriff's Deputy, he writes the information on a piece of paper or "Post-It" note. He does not retain the paper or "Post-It" notes after the meeting or appointment is finished.

Both in her motion to compel and in response to the motion for protective order, the plaintiff argues that the defendants' failure to respond to her document requests within 30 days as required by Federal Rule of Civil Procedure 34(b) constitutes a waiver of all of the defendants' objections to the requests, including their objection to producing the personnel file without a protective order. While it would be within the court's discretion to find such a waiver, the magistrate judge declines to do so under the circumstances of this case. The defendants' response to the document requests was late, but it was not egregiously so; had the defendants asked for an extension of time to respond to the document requests, it likely would have been granted; and it does not appear that the plaintiff suffered any prejudice as a result of the delay.

However, the defendants should note that further failures to comply with deadlines in this case will not be treated with such leniency.

While the magistrate judge does not find a waiver based upon untimeliness, the defendants have waived any objection based upon by deliberative process or law enforcement investigatory privilege by failing properly to assert those privileges either in their response to the document requests or in response to the plaintiff's motion to compel. *See Government Suppliers Consolidating Services, Inc. v. Bayh*, 133 F.R.D. 531, 544 (S.D. Ind. 1990). Further, the magistrate judge does not find request no. 2 be "vague and ambiguous," and the defendants have not filed anything to offer an explanation for this objection. Accordingly, the defendants' objections to request no. 2 are overruled. Similarly, the defendants have waived their objections of "vague and ambiguous" and relevance as to request no. 3, because they have failed to file anything in support of these objections. While the defendants' response, as set forth above, indicates that Deputy Watford himself did not keep a calendar, it does not indicate whether the Department itself keeps the type of records sought by the plaintiff; if any such records exist, the plaintiff is entitled them. **Within 7 calendar days of the date of this Entry**, the defendants shall produce all documents responsive to requests nos. 2 and 3, with the exception of any documents to which the attorney client or work product privilege is asserted. Each of these documents shall be listed and described on a privilege log, which shall be served along with the document production. The failure to serve a complete and comprehensive privilege log will result in the waiver of the attorney client and work product privileges.

Finally, as to request no. 1, it is generally the magistrate judge's practice not to allow the discovery of entire personnel files, because only certain categories of documents within a

3

personnel file will be relevant to the issues in a given case.  Alternatively, it is sometimes more efficient for an entire personnel file to be produced, subject to a protective order designed to protect the employee's confidential information.  However, not all of the information contained in a personnel file is "confidential," especially when the file is one of a public employee such as Deputy Watford.   For example, as the plaintiff points out, certain portions of a public employee's personnel file are essentially defined as a public record by Indiana statute.  *See* Ind. Code 5-14-3-4(b)(8) (as limited by Ind. Code 5-14-3-4.3).  Therefore, the defendants' attempt to bring Deputy Watford's entire personnel file under the confidential umbrella is improper. However, the magistrate judge agrees that there likely are some limited parts of his file–for example, medical information–that are entitled to protection.

In order to accommodate the plaintiff's need for discovery while protecting Deputy Watford's interest in protecting his confidential information, **within 7 calendar days of the date of this Entry** the defendants shall produce Deputy Watford's entire personnel file to plaintiff's counsel, with any information that the defendants believe is entitled to treatment as confidential clearly marked.  That information shall be subject to the terms of the defendants' proposed protective order until such time as either (1) the parties agree to remove the confidential designation from it or (2) the court orders the confidential designation removed.  The magistrate judge expects the defendants to be judicious in their use of the confidential designation, and also expects the parties to make a good faith effort to resolve any disputes regarding the designations that are made.  Any dispute that the parties are unable to be resolved may be submitted to the court for expedited briefing and ruling.

SO ORDERED:  08/25/2005

V. Sue Shields, Magistrate Judge

Copies to:

Lakshmi Devi Hasanadka
CORPORATION COUNSEL
lhasanad@indygov.org

Robyn Rebekah Willson Hattaway
lmreubenlaw@yahoo.com robynlaw@yahoo.com

Lawrence M. Reuben
lmreubenlaw@yahoo.com